### In re James Lee MARTIN (an attorney admission matter), Respondent.

#### Misc. No. 510.

United States Court of Appeals, Federal Circuit

June 20, 1997.

Order Denying Rehearing and Rehearing in Banc Aug. 1, 1997.

---

## ORDER

ARCHER, Chief Judge.

James Lee Martin submits a response to the court's April 29, 1997 order that directed Martin to inform the court whether he is a member of a state bar or is admitted to practice before the highest court of a state and, if Martin is not such a member, to show cause why his membership in this court's bar should not be revoked. The court now considers whether Martin's membership should be revoked.

## BACKGROUND

In 1995, Martin routinely gained admission to this court's bar on motion by filing an application for admission to the bar pursuant to Fed.Cir.R. 46.[1] Martin's admission was based on a certificate of good standing issued by the United States Tax Court on April 6, 1995. The certificate of good standing informed the court that Martin had been admitted to the Tax Court's bar on April 2, 1984. Martin's admission to the Tax Court's bar was premised on "a signature card and a certificate of good standing from the New Jersey Board of Bar Examiners [issued] in March of 1984." *Martin v. Townsend*, No. Civ. 90–2626 (CSF), 1990 WL 138546, at *1 (D.N.J. Sept. 19, 1990).[2]

In April 1997, this court was informed by the Supreme Court of Pennsylvania that Martin had brought suit against that court and its Board of Law Examiners concerning Martin's attempts to gain admission to the Pennsylvania state bar. Martin apparently contends in his action that because he has now been admitted to the bars of all of the United States courts of appeals, the Supreme Court of Pennsylvania must admit him to the state bar. The basis for Martin's admission to each of the federal bars appears to be the certificate of good standing issued by this court. Because it became apparent that in all likelihood Martin was not admitted to the New Jersey state bar or any other state bar, this court directed Martin to inform the court whether he is a member of a state bar and, if not, to show cause why his membership in this court's bar should not be revoked.

Martin does not dispute the following essential facts underlying his standing as an attorney admitted to practice law before a state bar, or the lack thereof, and the circumstances surrounding the issuance of the certificate of good standing by New Jersey. In 1983, Martin applied for admission to the bars of District of Columbia, Pennsylvania, and New Jersey. He later applied for admission to the Maryland state bar In each instance, Martin passed the written portion of the respective bar examination.[3] However, the highest courts of Pennsylvania, Maryland, and the District of Columbia did not admit Martin because of concerns surrounding Martin's moral character and fitness to practice law. *See Widener Univ.*, 1992 WL 153540, at *22; *Court of App. of Md.*, 1989 WL 21402, at *1.

Although the circumstances are somewhat unclear, Martin was informed in March, 1984 that he would be admitted to the state bar. *See Townsend*, 1990 WL 138546, at *1. Martin later received a certificate of good standing from the Supreme Court of New Jersey dated April 25, 1984 that indicated that Martin had been admitted to the practice of law on April 2, 1984. *See id.* Within a month's time, New Jersey informed Martin that he

---

1. The application process for admission to federal courts is generally pro forma and does not involve the screening of an applicant beyond a review of the applicant's written submissions. *See* Fed.R.App.P. 46(a).

2. For additional background concerning the circumstances of Martin's efforts to gain admission to the bar, the court refers the reader to the following: *Martin v. Court of App. of Md.*, No. 88–1749, 1989 WL 21402 (4th Cir. Mar. 7, 1989); *Martin v. Walmer*, No. Civ.A. 90–2752, 1990 WL 145759 (E.D.Pa. Sept. 26, 1990); *Martin v. Delaware Law School of Widener Univ.*, 625 F.Supp.

1288 (D.Del.1985); and *Martin v. Widener Univ. School of Law*, No. Civ.A. 91C–03–255, 1992 WL 153540 (Del.Super.Ct. Aug. 29, 1991).

3. Martin also applied for admission to the Virginia state bar, but he failed to pass the written examination on his first attempt. Apparently, Martin was "informed that before he could retake the exam, serious questions concerning his character would have to be resolved." *Court of App. of Md.*, 1989 WL 21402, at *1. Although it is unclear whether Martin sat for a reexamination, it is clear that Martin is not admitted to the Virginia state bar.

was not admitted and that the issuance of the certificate of good standing was in error. According to the United States District Court for the District of New Jersey, although the New Jersey Board's Committee on Character

> had not yet resumed its investigation nor reached a decision with regard to Mr. Martin's fitness to practice law, [Martin] received a signature card and a certificate of good standing from the New Jersey Board of Bar Examiners in March 1984. Clearly, both documents were sent in error, as the Committee had never certified Mr. Martin. Upon realizing that an error had been made, by letter on April 30, 1984, the Board so informed plaintiff and requested a return of the certificate. [Martin] promptly complied with the Board's request.
>
> In the meantime, [Martin] had used the certificate to get a license from the United States District Court for the District of New Jersey and a license from the United States Tax Court in Washington, D.C.

*Id.* With this factual background, the court now considers whether Martin's membership in this court's bar should be revoked.

## DISCUSSION

■■■ The authority of a United States court of appeals over matters concerning the administration of its bar is well recognized. "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654 (1994). *See also In re Evans,* 834 F.2d 90, 90–91 (4th Cir.1987) (court of appeals has authority to conduct disciplinary proceedings against members of its bar). Although federal and state judicial systems enjoy autonomous control over the administration of those who wish to appear before them as attorneys, *see In re Ruffalo,* 390 U.S. 544, 547, 88 S.Ct. 1222, 1224, 20 L.Ed.2d 117 (1968); *Theard v. United States,* 354 U.S. 278, 282, 77 S.Ct. 1274, 1276, 1 L.Ed.2d 1342 (1957), membership in a state bar or admission to practice before the highest court of a state has long been a prerequisite to initial admission to the bar of a federal court. *See* Fed.R.App.P. 46(a). The absence or loss of membership in a state bar may "absolutely destroy the condition of fair private and professional character, without the possession of which there could be no possible ʹright to continue to be a member" of a federal bar. *Selling v. Radford,* 243 U.S. 46, 50, 37 S.Ct. 377, 378, 61 L.Ed. 585 (1917). *See also In re Reinstatement of Leaf,* 41 F.3d 281, 284 (7th Cir.1994) (under local rule, attorney suspended by state's highest court must also be suspended from bar of United States district court). Thus, in order to gain admission to a court of appeals in the first instance, an attorney must also be admitted to practice before, inter alia, "the highest court of a state." Fed.R.App.P. 46(a).

It is undisputed that Martin has not been admitted to the New Jersey state bar or any other state bar. Undeterred by his status as a non-attorney, Martin raises several arguments in defense of his membership in this court's bar, all of which are without merit. In response to the court's April 29, 1997 order, Martin contends that he

> was admitted to the Supreme Court of New Jersey on April 2, 1984, evidenced through my Certificate of Good Standing.... I have neither been suspended nor disbarred from that Court; however, the Clerk issued a letter to me that my admission was the result of their mistake. I later learned that no mistake occurred, and the attempt to interfere with my good standing before the state bar resulted from official corruption.

Martin thus concedes that the New Jersey Board notified him that his admission was a mistake and that the certificate of good standing was issued in error. Martin's statement that he has never been suspended or disbarred by New Jersey, while true, avoids the obvious. Further, he appears to claim that certain state officials conspired against him in order to interfere with his "good standing before the state bar." Martin's allegations are beside the point because he was never admitted to the New Jersey state bar.

Martin also states that he passed the Pennsylvania state bar examination, and he

claims that he "was properly certified as a Pennsylvania lawyer." Although Martin passed the written portion of the bar examination, he has not been admitted to practice in Pennsylvania. This is borne out by the fact that although this court directed Martin to attach all relevant supporting documentation to his response to our show cause order. Martin did not attach a copy of a certificate of good standing from the Supreme Court of Pennsylvania. Nor could he; Martin is presently involved in litigation concerning his attempt to gain admission to the Pennsylvania state bar.

The court also directed Martin, if he is not a member of a state bar or is not admitted to practice before the highest court of a state, to show cause why his membership in this court's bar should not be revoked. He argues that once an applicant to the bar of a federal court has been admitted to practice before that court, membership in the bar can be revoked only through formal suspension or disbarment proceedings with notice and a hearing. Suspension and disbarment proceedings involve the punishment of an *attorney* and require certain due process protections including notice and a chance to respond to the charges. *See Ruffalo,* 390 U.S. at 550, 88 S.Ct. at 1225. Here, Martin received notice that this court was considering revoking his bar membership and he was given an opportunity to explain his status. Martin's response reveals that he has never been admitted to any state bar. Thus, Martin is not entitled to an attorney disciplinary hearing because he is not an attorney facing suspension or disbarment. *See* 7 C.J.S. *Attorney & Client* § 26 (1980) ("[a]n order of admission, obtained by fraud or other means, may be corrected without proceedings for disbarment").

Finally, Martin argues, apparently in the alternative, that because there are many federal court practitioners who do not maintain their state bar memberships, his "membership in a state bar should not be interposed as an artificial issue" against him. Martin does not elucidate this point, and it is not necessary for this court to delve into the meaning and import of active and inactive status in a state bar. Without membership in a state bar or admission to practice before the highest court of a state, a federal court is without authority in the first instance to grant bar membership. *See* Fed.R.App.P. 46(a). Martin's membership in this court's bar was premised on his status as an attorney admitted to a state bar. He is not an attorney admitted to a state bar. His admission here was granted in error, and his membership must be revoked.

Accordingly,

IT IS ORDERED THAT:

James Lee Martin's membership in the bar of this court is revoked.

### ORDER

James Lee Martin (1) petitions for rehearing of the June 20, 1997 order of the Chief Judge and (2) moves to have the matter considered by a three-judge panel.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The motion to have the matter considered by a three-judge panel of the court is granted. Circuit judges Mayer and Michel join the June 20, 1997 order as amended herein [Editor's Note: Amendment incorporated for purposes of publication].