**In re Gerald D.W. NORTH, Appellant.**

**No. 03–15629.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 2004.

Filed Aug. 25, 2004.

Gerald D.W. North, pro se, Scottsdale, AR, appellant.

Before: B. FLETCHER, TROTT and FISHER, Circuit Judges.

FISHER, Circuit Judge.

Gerald North, an attorney, appeals an order of the District Court for the District of Arizona upholding his prior suspension from the practice of law before that court. We hold: (1) that the rule generally barring jurisdiction over denials of applications to district court bars does not deprive us of jurisdiction to consider North's appeal; (2) that North's claim that the district court followed improper procedures in suspending him from its own bar on the basis of his suspension from the State Bar of Arizona is moot because North's suspension from the state bar has expired and does not fall into the category of cases capable of repetition yet evading review; (3) North's claim that District of Arizona Local Rule 1.5(a) is generally invalid because it could permit insufficient review of state court suspension procedures is not properly before us; and (4) that, although the question is not moot, North has not shown that Rule 1.5(a) violates precedent governing membership requirements for district court bars. We therefore affirm the district court.

## FACTUAL AND PROCEDURAL BACKGROUND

We recite the following facts based on North's own brief to this court and a limited record below, as he is the only party to this appeal and the district court did not make detailed factual findings. Gerald North is an attorney whose primary practice is in patent and antitrust law. He was admitted to the bars of Arizona, Iowa and Illinois, and apparently had a successful practice before retiring in 1996. As of 1997, he maintained inactive status in all three states in which he was admitted.

In 1998, the State Bar of Arizona filed a complaint against North. Many of the violations alleged by the state bar involved a settlement North conducted in 1993. North was counsel for 53 plaintiffs in a products liability suit; he settled the suit without receiving the consent of all of his clients. On March 28, 2001, the Arizona Supreme Court suspended North from the state bar for a period of six months and one day.[1] His suspension period from the State Bar of Arizona expired in September 2001.

Due to his Arizona suspension, North was reciprocally suspended from the Iowa and Illinois state bars. These bars have since reinstated North to practice. However, even though his suspension period is over, North has not sought reinstatement to active status in the State Bar of Arizona. North says that he does not want to be reinstated as an active member of the Arizona bar because his practice is entirely

based in federal court and that he has no plans to become an active member of the Arizona bar in the future.

North was admitted to the bar of the United States District Court for the District of Arizona in 1985. In 2000, the district court received a notice from the State Bar of Arizona that North had not paid his annual dues; at that time, the district court suspended North and informed him that he would not be reinstated until he submitted a copy of a reinstatement letter from the Arizona bar. North never received a copy of this suspension order from the district court, apparently because it was sent to a former address of his in Europe. North corrected the failure-to-pay problem and was reinstated to the Arizona bar in October 2000, but he did not so inform the district court.

Subsequently, in March 2001, the Arizona Supreme Court suspended North's state bar membership for the disciplinary reasons explained above. On November 12, 2002 the District of Arizona sent North a letter informing him that it had been notified of the Arizona Supreme Court's decision and that his district court suspension would remain in effect. This order relied on District of Arizona Local Rule 1.6(c), which permits the District of Arizona to impose reciprocal discipline against lawyers sanctioned in other jurisdictions.[2] North objected to the district court's November 12 order, claiming that he had

---

1. North alleges various procedural flaws in the Arizona disciplinary proceeding, and also alleges that his suspension was unduly harsh. As explained below, the district court did not reach these issues because of its reliance on Rule 1.5(a). Because we affirm the district court on a basis independent of these issues, we also do not address whether there were any procedural flaws in North's state bar suspension.

2. Ariz. Dist. Ct. R. 1.6(c) states that "Where it is known to the Court that [an] attorney admitted or otherwise authorized to practice before this Court has been suspended or disbarred from practice by any court of competent jurisdiction, that fact will be sufficient ground for the attorney's removal or suspension by this Court."

never been notified about the 2000 summary suspension, and advancing many of the arguments that we discuss below in challenging the 2001 disciplinary suspension.

On March 5, 2003, the district court entered a formal, reasoned order rejecting North's objection to his suspension from the district court's bar. In that order, the district court relied on its Local Rule 1.5(a). Rule 1.5(a) states that "admission to and continuing membership in the bar of this Court is limited to attorneys who are active members in good standing of the State Bar of Arizona." The district court reasoned that because "when suspension is from the State Bar of Arizona [the] attorney becomes disqualified from continuing membership in the bar of this court," and thus "[t]he issue is not one of reciprocal discipline but of qualification for continuing membership in the bar of this Court." Currently, North is eligible for reinstatement to the Arizona bar. However, he insists that he does not want to be a member of the Arizona bar and will not reapply or pay dues. The district court concluded that the "order of suspension dated November 12, 2002 remains in effect." It is the March 2003 order that North asks us to review here.

## STANDARD OF REVIEW

A district court's failure to conduct adequate review of a state bar disciplinary procedure is a question of law reviewed de novo. *See In re Kramer,* 193 F.3d 1131, 1132–33 (9th Cir.1999) (applying de novo review to this legal question without expressly articulating a standard of review). Challenges to the legality of a district court local rule are also questions of law reviewed de novo. *See Giannini v. Real,* 911 F.2d 354, 359 (9th Cir.1990).

## DISCUSSION

### A. Jurisdiction

We first consider whether we have jurisdiction to review the district court's order. Ordinarily, "appellate jurisdiction to review an order by the District Court denying admission to practice generally before it is lacking" because "the denial of a petition for admission to a district court bar is neither a final order appealable under 28 U.S.C. § 1291 ... nor an interlocutory order appealable under 28 U.S.C. § 1292." *Gallo v. United States Dist. Court,* 349 F.3d 1169, 1176 (9th Cir. 2003).

We have, however, consistently asserted jurisdiction to review orders suspending or disbarring attorneys from practicing before the bars of federal district courts within our circuit. *See Kramer,* 193 F.3d at 1132; *In re L.A. County Pioneer Soc'y,* 217 F.2d 190, 193–94 (9th Cir.1954); *see also In re Snyder,* 472 U.S. 634, 643 n. 4, 105 S.Ct. 2874, 86 L.Ed.2d 504 (1985) (noting that a district court decision to suspend an attorney from practicing before the district court "would be subject to review by the Court of Appeals").

Here, although the district court based its order on local Rule 1.5(a), which regulates "[a]dmission to and continuing membership in" the bar of the District of Arizona, the district court's order was clearly an order of suspension and not a denial of admission. The district court was considering a motion by North challenging his suspension from the district court bar, and the district court relied on Rule 1.5(a) in order to conclude that its previous "order of suspension" remained in effect. North has asked for review of the order of suspension, not a denial of admission; he has not formally applied for re-admission to the District of Arizona; and the district court itself believed it was considering an

attorney suspension order.[3] We therefore conclude that the district court's March 2003 order was a final decision on attorney suspension reviewable under our prior cases concerning attorney suspension and disbarment. *Cf. Bankers Trust Co. v. Mallis*, 435 U.S. 381, 387–88, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978) (looking to the intent of the district court in issuing an order when considering a question of appellate jurisdiction).

We have not previously stated whether our jurisdiction to consider orders suspending or disbarring attorneys from the district court bars arises under 28 U.S.C. § 1291, our inherent authority to regulate the practice of law in the lower federal courts within our circuit, or under some other authority. Without resolving whether there might be alternative sources of jurisdiction, we hold that the district court's order in this case is reviewable under 28 U.S.C. § 1291 as a final decision of the district court that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Lovell v. Chandler*, 303 F.3d 1039, 1047 (9th Cir.2002) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)); *see also In re Surrick*, 338 F.3d 224, 229 (3d Cir.2003) (holding that an order from the district court suspending an attorney from the district court's bar is a "final order" reviewable under § 1291).

## B. North's Due Process Arguments About His Suspension

▮▮▮ North argues that the district court erred in relying on Rule 1.5(a) to uphold his suspension, because Rule 1.5(a) allowed the district court to evade its obligation to review his suspension from the

state bar. When imposing discipline on members of its own bar, a federal district court may rely on a state bar disciplinary determination. In so doing, however, it must independently review the state court record to make sure that the state procedures conform with *Selling v. Radford*, 243 U.S. 46, 50–51, 37 S.Ct. 377, 61 L.Ed. 585 (1917). We have explained the underlying principle as follows:

> It is not uncommon that district courts generally impose discipline on members of their bar who are disciplined in another jurisdiction. Nevertheless, a state court's disciplinary action is not conclusively binding on federal courts. The Supreme Court has addressed this issue, albeit some time ago. In *Selling v. Radford*, 243 U.S. 46, 50–51, 37 S.Ct. 377, 61 L.Ed. 585 (1917), the Court held that a federal court could impose reciprocal discipline on a member of its bar based on a state's disciplinary adjudication, if an independent review of the record reveals: (1) no deprivation of due process; (2) sufficient proof of misconduct; and (3) no grave injustice would result from the imposition of such discipline. Thus, while federal courts generally lack subject matter jurisdiction to review the state court decisions, a federal court may examine a state court disciplinary proceeding if the state court's order is offered as the basis for suspending or disbarring an attorney from practice before a federal court.

*Kramer*, 193 F.3d at 1132 (internal citations, quotation marks and alterations omitted). In conducting this review, the district court must give deference to any state court factual findings. *In re Rosenthal*, 854 F.2d 1187, 1188 (9th Cir.1988).

---

**3.** In *Gallo*, by contrast, we reviewed an attorney's ex parte application to appear before the district court. 349 F.3d at 1176.

Here, North raises two arguments about the application of this principle to his case: (1) the district court evaded its obligation of independent review by finding him ineligible for *continuing* membership · in the district court bar under Rule 1.5(a); and (2) Rule 1.5(a) violates due process requirements more generally because it permits district courts to evade the requirements of *Selling*. On the facts of this case, we conclude that the first argument is moot and the second not properly before us.

It is true that some of the reasoning in the district court's order, if applied to other cases, might endorse a "circular" application of Rule 1.5(a) that could be improper. Rule 1.5(a) limits continuing membership in the District of Arizona bar to active members of the State Bar of Arizona. An attorney suspended or disbarred from the State Bar of Arizona is no longer an active member of that bar. Therefore, it is possible that the District of Arizona could find that an attorney disbarred from the State Bar of Arizona was automatically ineligible under Rule 1.5(a) to practice before the district court because the attorney was no longer an active member of the state bar—without conducting the independent review of the state procedure required by *Selling*. Here, the district court stated that:

> While this Court's Rule 1.6(c) provides for reciprocal discipline when it becomes known that an attorney admitted to the bar of this court has been suspended or disbarred by any court of competent jurisdiction, when suspension is from the State Bar of Arizona that attorney becomes disqualified from continuing membership in the bar of this court. The issue is not one of reciprocal disci-

pline but of qualification for continuing membership in the bar of this Court. If North were no longer an active member of the State Bar of Arizona as a result of his state bar suspension, and if the district court relied on Rule 1.5(a) to uphold North's suspension without conducting any other independent review, we would have to decide whether such an application of Rule 1.5(a) would be proper under *Selling*.

But that is not North's situation. North's suspension from the State Bar of Arizona had expired *before* the district court was asked to review his suspension from the District of Arizona bar. Even if North's state bar suspension had been wholly improper, that suspension was no longer preventing North from becoming an active member of the State Bar of Arizona; North could have chosen to become an active member of the Arizona bar upon a simple application and payment of dues. Had he done so, he would have met the requirements of Rule 1.5(a) and could have resumed membership in the District of Arizona bar.[4] However, he has not sought reinstatement as an active member of the state bar, and has informed this court that he has no plans to do so. North's reluctance is based on his own belief that he has no need for state bar membership, because his practice is exclusively in federal court, in effect, a personal judgment about the desirability of state bar membership.

In sum, North's exclusion from the District of Arizona's bar under Rule 1.5(a) is not due to any collateral consequence of his suspension from the State Bar of Arizona. Even if we were to hold here that the district court acted improperly in reviewing North's state suspension, and even if the procedures used by the State Bar of Arizona were improper, North would still not be eligible for membership

---

**4.** The district court emphasized that North "has not applied for reinstatement" in finding that he was ineligible for continuing membership before its bar.

in the District of Arizona bar under Rule 1.5(a) because of his own voluntary act. The question of whether the district court improperly reviewed North's suspension is therefore moot, because there is no present, live controversy about the effect of North's suspension from the State Bar of Arizona on his eligibility for membership in the District of Arizona bar. *See, e.g., Foster v. Carson,* 347 F.3d 742, 746 (9th Cir.2003) ("If there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction."). Further, North's declaration that he will not apply for membership in the Arizona bar makes repetition impossible. *Cole v. Oroville Union High Sch. Dist.,* 228 F.3d 1092, 1098 (9th Cir.2000) ("The 'capable of repetition, yet evading review' exception to mootness applies when (1) the challenged action is too short in duration to be fully litigated before cessation or expiration, and (2) there is a reasonable expectation that the *same* complaining party will be subjected to the *same* action again.") (emphasis added); *see also Demery v. Arpaio,* F.3d, No. 03–15698, 2004 WL 1753312 (9th Cir. Aug.6, 2004).

■ North's argument that Rule 1.5(a) is *generally* invalid because it could permit the kind of circular avoidance of *Selling* described above is not properly before us. As we have just explained, there was no improper application of Rule 1.5(a) due to an avoidance of *Selling* here, because North's suspension from the state bar had expired and no longer prevented him from joining the District of Arizona bar. Any judicial pronouncement on the general validity of Rule 1.5(a) in a hypothetical future case would be an advisory opinion prohibited by Article III of the Constitution and binding precedent. *See Cantrell v. City of Long Beach,* 241 F.3d 674, 678 (9th Cir. 2001) (noting, while discussing mootness,

that"if we are to avoid advisory opinions on abstract propositions of law a case must be a present, live controversy") (quoting *Hall v. Beals,* 396 U.S. 45, 48, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969)); *Calderon v. United States Dist. Court (Taylor),* 134 F.3d 981, 989 (9th Cir.1998) (concluding that "any ruling as to the legitimacy of a step not yet taken would be tantamount to an advisory opinion"). We therefore decline to consider this argument.

**C. North's Challenge to Rule 1.5(a) under Frazier v. Heebe**

■ North also argues that Rule 1.5(a) itself is an improper exercise of the district court's authority under *Frazier v. Heebe,* 482 U.S. 641, 107 S.Ct. 2607, 96 L.Ed.2d 557 (1987), a case involving the Supreme Court's inherent supervisory power to ensure that rules governing the practice of law in the federal district courts are "consistent with the principles of right and justice." *Id.* at 645, 107 S.Ct. 2607 (internal quotation marks omitted). North argues that by limiting membership in the district court's bar to attorneys who are active members in good standing of the State Bar of Arizona, Rule 1.5(a) irrationally and improperly excludes members of the state bar who are on inactive status. This issue is not moot, because if North's theory were correct the district court would improperly be requiring him to assume active status in the state bar in order to overcome his suspension from the district court's bar. However, we reject North's claim that there is anything irrational or improper in the district court's decision to rely on the State Bar of Arizona's distinction between active and inactive members.

In *Frazier,* the Supreme Court invalidated a rule of the Eastern District of Louisiana requiring that members of its bar either reside in or maintain an office in

the state of Louisiana.[5] The Supreme Court held this requirement "unnecessary and irrational" because it "arbitrarily discriminate[d] against out-of-state attorneys who have passed the Louisiana bar examination and are willing to pay the necessary fees and dues in order to be admitted to the Eastern District Bar. No empirical evidence was introduced at trial to demonstrate why this class of attorneys, although members of the Louisiana Bar, should be excluded from the Eastern District's Bar." *Id.* at 646–47, 107 S.Ct. 2607.

The District of Arizona's decision to exclude inactive members of the State Bar of Arizona is not irrational or improper in the same sense as the restrictions at issue in *Frazier*. This court has already held that the District of Arizona's Local Rule 1.5(a) is "justified by the rational purpose of streamlining and perfecting the regulation of attorney admission in the Arizona District Court," and "serves the legitimate interest of ensuring that all attorneys practicing before the courts clear the standard required by the respective state bar associations." *Gallo*, 349 F.3d at 1181 (internal quotation marks omitted). More generally, it is well established that district court bars may use state bar admission requirements in determining fitness for practice before the federal district courts. *See Russell v. Hug*, 275 F.3d 812, 819 (9th Cir.2002).

The District of Arizona's reliance on the State Bar of Arizona's distinction between active and inactive members furthers these same interests. In Arizona, active members of the bar are subject to a mandatory continuing legal education requirement

from which inactive members are exempt. Ariz. Sup.Ct. R. 45(a) (requiring "fifteen hours of continuing legal education in each educational year"); Ariz. Sup.Ct. R. 45(b) (exempting inactive members from this requirement). The District of Arizona's requirement that members of its bar be active members of the State Bar of Arizona ensures that practitioners before the district court have received the ongoing training mandated in the continuing legal education requirement. Moreover, in Arizona, "inactive" members of the state bar include those who are "disability inactive"[6] —that is, lawyers who are mentally or physically unable to carry on the duties of the practice of law. Ariz. Sup.Ct. R. 63(a) ("A lawyer whose physical or mental condition adversely affects the lawyer's ability to practice law shall be investigated, and where warranted, shall be the subject of formal proceedings to determine whether the lawyer shall be transferred to disability inactive status. Transfer to disability inactive status is not a form of discipline but is designed to ensure the protection of the public and rehabilitation of the lawyer."). Thus, it is clear that some members of the Arizona bar who are "inactive" have been deemed unfit to practice law by the state bar due to physical or mental conditions.

The District of Arizona may reasonably rely on the state bar's distinction between active and inactive members in limiting the practice of such attorneys before the district court. We therefore reject North's argument that Rule 1.5(a) was an improper exercise of the district court's rulemaking

---

5. The Eastern District of Louisiana required that members of its bar be members in good standing of the Louisiana Bar, in addition to the residency requirement. *Frazier*, 482 U.S. at 646 n. 5, 107 S.Ct. 2607.

6. There are five classes of bar members in Arizona: "active, inactive, retired, suspended, and judicial." Ariz. Sup.Ct. R. 32(c). Inactive members include "disability inactive" members. *Id.*

authority under *Frazier*.[7]

## CONCLUSION

For the reasons stated above, the order of the district court is **AFFIRMED**.

---

**7.** We also reject North's argument that Rule 1.5(a) is incompatible with the "very concept of a federal system" as applied to him because he has been reinstated to practice in the bars of other states. We have already held that there is nothing unconstitutional or improper in Rule 1.5(a) barring attorneys who have been admitted in other states or other federal district courts but who are not active members of the Arizona State Bar from practicing before the District of Arizona. *Gallo*, 349 F.3d at 1181.