NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-1226

IN RE JAMES L. MARTIN

_____

DECIDED:  November  9, 2005

_____

Before NEWMAN, RADER, and BRYSON, <u>Circuit Judges</u>.

PER CURIAM.

James L. Martin appeals from the decision of the Court of International Trade revoking his admission to the bar of that court.  <u>In re Martin</u>, Misc. No. 04-00002.  We <u>affirm</u>.

Mr. Martin has a long history of litigation over his membership in the bars of various state and federal courts.  In 1997, this court revoked his membership in the bar of this court in an opinion that summarized the course of that litigation up to that date. <u>In re Martin</u>, 120 F.3d 256 (Fed. Cir. 1997).  Mr. Martin was originally admitted to the bar of this court based on a certificate of good standing issued by the United States Tax Court in 1995.  His admission to that court was in turn premised on a certificate of good standing from the New Jersey Board of Bar Examiners issued in 1984.

In the 1997 order of this court revoking his membership in the bar of this court, we noted that Mr. Martin was informed within a month after his admission to the New Jersey state bar that he was not admitted to that state's bar and that the issuance of the certificate of good standing was in error. Because Mr. Martin did not dispute those facts and because he failed to show that he was a member in good standing of the bar of any state or that he was admitted to practice before the highest court of any state, this court ruled that his admission to the bar of this court was granted in error. We therefore revoked his membership. In re Martin, 120 F.3d at 258-59.

Mr. Martin's membership in the bar of the United States Court of Appeals for the Third Circuit was subsequently revoked ab initio. His membership in the bar of that court had been predicated on his membership in this court's bar. Because the Third Circuit found that there was no proper predicate for Mr. Martin's admission to its bar, it revoked his membership in that bar.

The Court of International Trade subsequently issued an order to show cause why Mr. Martin's membership in the bar of that court should not be revoked, since his membership in that court's bar was predicated on his membership in the bar of the Third Circuit. After giving Mr. Martin an opportunity to respond, the Court of International Trade revoked his bar membership. In an opinion, the court ruled that Mr. Martin was admitted to the court's bar based on a mistaken factual premise and that the record indicated that he had never been properly admitted to any state bar to support his membership in the bar of any federal court. The mistaken factual premise, the court explained, "was resolved by the Third Circuit's ab initio revocation of Mr. Martin's admission to its court's bar." Because Mr. Martin did not present evidence of being a

05-1226                                    2

member in good standing of a state bar or a federal court bar to support his admission and membership in the bar of the Court of International Trade, the court revoked his admission to the court's bar <u>ab initio</u>.  On Mr. Martin's motion for reconsideration, the court rejected his collateral challenge to the Third Circuit's decision revoking his admission to the bar of that court, and it rejected his argument that his membership in the court's bar should not be revoked because he was still a member of the bar of other federal courts of appeals.

On appeal to this court, Mr. Martin raises a variety of claims, most of them having no relevance to the single narrow issue that was before the Court of International Trade—whether there was any valid predicate for his membership in the bar of that court.  Having reviewed Mr. Martin's submissions and the pertinent prior decisions relating to this matter, we are satisfied that the Court of International Trade did not commit error in concluding that Mr. Martin failed to show that he is a member of good standing of any state bar and in ruling that his membership in the bar of that court was based on a mistaken factual predicate.  Mr. Martin contends that he "was admitted to the state bar . . . and was neither suspended nor disbarred from the state bar." However, both this court in 1997 and the Court of International Trade in the proceedings here under review concluded that the certificate of admission to the New Jersey bar was issued in error and that the error was corrected promptly thereafter.  As a result, both courts concluded that Mr. Martin has never actually been a member in good standing of the bar of New Jersey or authorized to practice before the highest court of that state. Mr. Martin has failed to offer any persuasive reason to conclude either that that factual determination is erroneous or that it does not justify revocation of his admission to the

bar of the Court of International Trade.  We therefore uphold the decision of the Court of International Trade revoking Mr. Martin's admission to the bar of that court and striking his name from the roster of attorneys admitted to practice before that court.