**In re Miguel GADDA, Appellant.**

No. 04–16829.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 15, 2006.*

Filed Dec. 7, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Miguel Gadda, Esq., San Francisco, CA, pro se.

Before: W. FLETCHER, and RAWLINSON, Circuit Judges, and SELNA,** District Judge.

## MEMORANDUM ***

Appellant Miguel Gadda appeals the district court's denial of a motion to reopen under Federal Rule of Civil Procedure 60(b) ("August 2004 Order") and denial of a motion to reconsider ("October 2004 Order") its order removing Gadda's name from the roll of attorneys authorized to practice before the Northern District of California. Prior to issuing those orders, the district court had issued an order to show cause why such action should not be taken. No answer was filed with the court.

██ Any error in sending the August 2004 Order to a lawyer who had no involvement in the case and in referring to Gadda as "Michael Gadda" in the October

** Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

2004 Order was not material, and does not rise to the level of abuse of discretion. Similarly, although technically the California Supreme Court, and not the State Bar, has the authority to disbar an attorney, *In re Rose*, 22 Cal.4th 430, 93 Cal.Rptr.2d 298, 993 P.2d 956, 961–62 (2000), because the California Supreme Court ultimately disbarred Gadda, any misstatement by the district court was harmless.

■ Gadda's argument that, pursuant to Northern District of California Civil Local Rule 11–1(b), he is not required to be a member of the California State Bar to practice before the Northern District of California, is unpersuasive. Rule 11–1(b) addresses admission, not suspension, and does not preclude the imposition of discipline. *See In re North*, 383 F.3d 871, 874–79 (9th Cir.2004) (affirming the suspension of an attorney from the District of Arizona where the local rule required admission to the Arizona State Bar).

■ The district court also relied on Northern District of California Civil Local Rule 11–7 in denying Gadda's motion to reconsider. Pursuant to Rule 11–7, where there is no response to an order to show cause why an attorney should be disbarred, as was the case here, "the Chief Judge shall make an independent review of the record of the other proceedings to determine that there was no deprivation of due process, sufficient proof of misconduct, and that no grave injustice would result from the imposition of discipline." N.D. Cal. Civ. R. 11–7(b)(2); *see also Selling v. Radford*, 243 U.S. 46, 50–51, 37 S.Ct. 377, 61 L.Ed. 585 (1917) (holding that a federal court may impose reciprocal discipline unless an independent review of the state procedure reveals that it was wanting in due process or proof as to misconduct, or that a grave reason exists such that disbarment on the basis of the state decision would result in injustice); *In re Kramer*, 193 F.3d 1131, 1132–33 (9th Cir.1999) (same).

Even if the district court failed to conduct such a review, this Court conducted an independent review of the evidence and concluded that the disbarment by the California Supreme Court was a sufficient basis for reciprocal discipline. *See Gadda v. Ashcroft*, 377 F.3d 934, 942, 946 (9th Cir. 2004). Accordingly, any failure by the district court to conduct a review was harmless.

Gadda also asserts that the district court failed to provide sufficient reasoning when it denied his motions. However, the district court explained that Gadda's disbarment from the state bar was the basis for his disbarment in the Northern District of California and that reopening the Order to Show Cause would not change that fact. The Court therefore does not find that the district court abused its discretion in denying Gadda's motions.

■ Finally, Gadda contends that the October 2004 Order amounts to an unconstitutional restraint of free speech. However, it is well-established that admission to the bar of the district court usually requires membership in good standing of the bar of the state court. *See Zambrano v. City of Tustin*, 885 F.2d 1473, 1483 (9th Cir.1989). Because the district court's October 2004 order merely precludes Gadda from reapplying for admission to the bar of the district court until he meets a key membership requirement, it does not infringe upon his First Amendment or due process rights. *See Gallo v. U.S. Dist. Ct. for the Dist. of Ariz.*, 349 F.3d 1169, 1184 (9th Cir.2003) ("Such a requirement is well within the District Court's rule making power and as established ... does not violate any constitutional right.") (internal citations omitted).

Accordingly, the district court's order is affirmed. Gadda's numerous motions to augment the record are denied.

**AFFIRMED.**