**In re: Joseph F. NASCIMENTO,**

**Joseph F. Nascimento, Appellant,**

**v.**

**United States District Court for the District of Montana (Missoula), Appellee.**

**No. 05–35980.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 20, 2008.

ed by 9th Cir. R. 36–3.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Joseph F. Nascimento, Las Vegas, NV, pro se.

** This disposition is not appropriate for publication and is not precedent except as provid-

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

### MEMORANDUM **

Joseph F. Nascimento, an attorney, appeals pro se from the district court's order suspending him, for a minimum period of two years, from practicing law in the United States District Court for the District of Montana. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *In re North,* 383 F.3d 871, 874 (9th Cir. 2004), and we affirm.

■ Pursuant to Montana District Court Local Rule 83.14(d), the district court properly based its suspension order on the Montana Supreme Court's disciplinary determination. *See In re North,* 383 F.3d at 875 (holding that a federal district court may discipline members of its own bar based on a state bar disciplinary determination, if the record reveals (1) no deprivation of due process, (2) sufficient proof of misconduct, and (3) no grave injustice would result from the imposition of the discipline).

■ We reject Nascimento's First Amendment challenge to the district court's disciplinary order because Nascimento had no reasonable basis in fact for his assertion, made in a state court filing, that a judge had personally destroyed documents in his family law case. *See United States Dist. Court for Eastern Dist. of Wash. v. Sandlin,* 12 F.3d 861, 866 (9th Cir.1993) (explaining that "once a lawyer is admitted to the bar, although he does not surrender his freedom of expression, he must temper his criticisms in accordance with professional standards of conduct").

ed by 9th Cir. R. 36–3.

Nascimento's remaining contentions are unpersuasive.

**AFFIRMED.**