IKUTA, Circuit Judge,
dissenting:
While the facts of this case evoke sympathy, they do not give us jurisdiction. The district court applied its generally applicable local rules in determining that Corrinet was ineligible for membership in the district court bar. See Local Rule 83-2 (Admission to General Practice), Local Rules for the District of Oregon, Local Rules of Civil Procedure. Because we lack jurisdiction to review a district court’s admission decisions, see Gallo v. U.S. Dist. Court, 349 F.3d 1169, 1176 (9th Cir.2003), but do have jurisdiction to review disbarments, see In re North, 383 F.3d 871, 874 (9th Cir.2004), the majority claims that this determination of ineligibility is really a “disbarment.” Maj. op. at 1144. But it is clear that the district court’s determination lacked the hallmarks of a disbarment: it was neither ethical nor disciplinary in nature. Accordingly, I dissent.
I
Mark Corrinet is an attorney licensed to practice in California. He is not a member of the Oregon State Bar. When he moved to Oregon ten years ago, he tried to but could not sit for the bar examination. Oregon has stringent requirements regarding who can sit for the bar. For example, it does not allow graduates of non-ABA-accredited law schools to sit for *1148 the bar exam without at least three years of practice experience. See Or. R. for Admission of Attorneys 3.05. And it does not waive the bar exam requirement for attorneys licensed in California. See Or. R. for Admission of Attys. 15.05(2) (requiring applicants for reciprocal admission to be members of a state that admits Oregon attorneys without requiring bar passage, which California does not[1]).
Like many district courts, the United States District Court for the District of Oregon limits admission to practice and membership in the district court bar to “attorneys of good moral character who are active members in good standing with the Oregon State Bar.” LR 83-2. Thus, Corrinet was, and is, ineligible to practice before the federal district court in Oregon.
Despite his facial ineligibility, Corrinet was admitted to practice before the District Court for the District of Oregon in 2002 by virtue, Corrinet claims, of the then-Chief Judge’s “waiver” of Rule 83-2. Corrinet’s practice in Oregon required very few appearances in federal court, and thus his eligibility to practice before the district court went unquestioned for many years. In 2009, however, Corrinet filed a complaint in district court and applied to use the court’s electronic filing system. In the course of routine processing of this request, the Clerk’s Office discovered that Corrinet was not an active member of the Oregon State Bar. The district court scheduled a show cause hearing to allow Corrinet “to explain why he should be allowed to continue as the only member of the District of Oregon’s bar without an active license from the Oregon State Bar.” At that hearing, Corrinet agreed to apply to the Oregon State Bar, and was allowed to continue representing his client while he sought admission. Five months later, after Corrinet failed to gain admission to the Oregon State Bar, the court issued an order “revok[ing] Mark S. Corrinet’s membership to the Federal Bar for the District of Oregon pursuant to [Local Rule] 83-2.”
II
As a general rule, federal courts lack subject matter jurisdiction over denials of admission to federal district court bars. See Gallo, 349 F.3d at 1176; In re Wasserman, 240 F.2d 213, 214 & n. 1 (9th Cir.1956). In Gallo, we reasoned that the denial of a petition for admission to a district court bar is neither a final order appealable under 28 U.S.C. § 1291 nor an interlocutory order appealable under § 1292. 349 F.3d at 1176. Even if an attorney has been a practicing member of a district court bar, the court has authority to change the eligibility requirements, thereby denying an attorney continued membership. Such a determination is not appealable. See id.
There is a different rule for disbarment actions. See North, 383 F.3d at 874. We have long “asserted jurisdiction to review orders suspending or disbarring attorneys from practicing before the bars of federal district courts within our circuit.” Id.; see In re Patterson, 176 F.2d 966, 967 n. 1 (9th Cir.1949). Likewise, the Supreme Court has concluded that a district court’s decision to suspend an attorney from practicing before the district court (due, in that case, to the attorney’s refusal to apologize for a letter deemed to be disrespectful to the court) “would be subject to review by the Court of Appeals.” In re Snyder, 472 U.S. 634, 643 n. 4, 105 S.Ct. 2874, 86 *1149 L.Ed.2d 504 (1985). For unlike a denial of admission, an “order of suspension” is “a final decision of the district court that ‘ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.’ ” North, 383 F.3d at 875 (quoting Lovell v. Chandler, 303 F.3d 1039, 1047 (9th Cir.2002)).
In Gallo, we addressed the question before us here: whether we had jurisdiction to review a district court’s revocation of the bar membership of a previously admitted attorney who did not meet the then-current eligibility requirements for admission. In that case, Gallo, an out-of-state attorney, had been admitted to the Arizona district court bar under the then-applicable local rules. Four years later, the district court amended its rules to limit membership in the bar to active members of the state bar. 349 F.3d at 1173. After the court notified Gallo that he could not practice before the district court, he appealed. Id. Responding to the district court’s position that we lacked jurisdiction to review the order at issue, Gallo argued that because “he had already obtained admission to practice before the District Court” and then was deprived of that right, he was not seeking review of an admissibility determination but rather was “seeking redress for an improper disbarment.” Id. at 1175. We rejected this argument because the revocation of Gallo’s right to practice did not involve any ethical violation: he was “guilty of no misconduct and the District Court’s finding that he could not appear generally before it was not the result of any disciplinary action.” Id. at 1183. Thus, we concluded that the district court’s order prohibiting Gallo from further practice before the district court was an unreviewable “denial of a petition for admission to a district court bar.” Id. at 1176.
Gallo is directly applicable here. The Oregon district court “revoke[dj” Corrinet’s admission to practice solely due to its determination that he was not eligible under its generally applicable local rules. The district court did not consider or make any ruling regarding an ethical violation or misconduct on Corrinet’s part. Moreover, the district court’s local rules governing suspension or disbarment of attorneys are inapplicable by their terms. Local Rule 83-6 provides that an attorney may be suspended or disbarred from practice in the District Court of Oregon if: (1) he is suspended or disbarred from practice by another court; (2) he is convicted of a felony; (3) he resigns from the bar of any court while a misconduct investigation is pending; or (4) a change in admissions status in another court eliminates his eligibility for admission to the bar of the District of Oregon. As the majority concedes, none of these criteria is applicable here. Maj. op. at 1146 & n. 5. Although the majority argues that “Local Rule 83-6 nevertheless applies to Corrinet’s case because these enumerated grounds are illustrative, not exclusive,” Maj. op. at 1146 n. 5, it cites no authority for this assertion, and the plain language of the rule makes clear that disbarment proceedings may commence based only on the four grounds listed in rule 83-6(a).[2]
*1150 The majority asserts that Gallo is different because it involved a generally applicable rule change, whereas the district judge here “unilaterally revoked” Corrinet’s admission. Maj. op. at 1144. But Corrinet’s admission was no more “revoked” than was Gallo’s. Both were individually informed that their ability to practice before the district court had been withdrawn, and neither was “knock[ing] on the courthouse door seeking entry” (to borrow the majority’s formulation), but were “already inside when [they were] shown the door.” Maj. op. at 1144. See Gallo, 349 F.3d at 1173-74 (noting Gallo’s receipt of a letter indicating that he was “no longer admitted to appear generally before the District Court,” even though he had previously been admitted based on another district court order). Thus, if Gallo was not disbarred, neither was Corrinet. See id. at 1176-77 (construing the district court’s decision to “enforce the amended version of the Local Rules” as a “denial of Gallo’s application for a waiver” rather than a “disbarment,” which “generally involve[s] an ethical violation sufficient to prevent an attorney from appearing in any capacity before the District Court”).
In a footnote, the majority suggests that we have mandamus jurisdiction to hear this case under 28 U.S.C. § 1651(a). Maj. op. at 1145 n. 2. This argument is particularly troubling, given that Corrinet himself neither brought a petition for writ of mandamus nor even asked us to treat his notice of appeal as such a petition. Indeed, the majority’s eagerness to claim authority to hear this case is a good example of what we worried about in Bauman: namely, that appellate courts might succumb to the “temptation” to grant mandamus relief out of sympathy for the petitioner, which both subverts “the policies underlying the finality rule [and] the carefully limited congressional scheme governing interlocutory appeals,” and undermines the “mutual respect” between federal trial and appellate courts. Bauman v. U.S. Dist. Court, 557 F.2d 650, 653-54 (9th Cir.1977) (internal citation omitted).
This subversion of our rules is clear in the majority’s conclusion that Corrinet satisfies the test for granting a petition for mandamus because there would be “clear error on the district court’s part” — but only “[i]f Corrinet is right.” Maj. op. at 1145 n. 2. It is well established that while “[a] petitioner need not establish all five factors” of the test for granting a petition for the writ, the petitioner “must establish the third, that the district court’s order is clearly erroneous,” before we can grant the writ. Islamic Shura Council of Southern California v. FBI, 635 F.3d 1160, 1165 (9th Cir.2011) (internal quotations and citations omitted); see also Perry v. Schwarzenegger, 591 F.3d 1147, 1156 (9th Cir.2010) (“[T]he absence of the third factor, clear error, is dispositive.” (internal quotation marks omitted)). In light of our on-point decision in Gallo, the majority’s conclusion that the district court’s order was “clearly *1151 erroneous as a matter of law” is untenable. See, e.g., Bauman, 557 F.2d at 660 (“In light of this absence of Supreme Court and Ninth Circuit decisions and a split of authority in other jurisdictions, we simply cannot conclude that the district court’s order is clearly erroneous as a matter of law as that term is used in mandamus analysis.”). Nor can the district court be faulted for failing to follow the procedures set forth in Local Rule 83-6, which are inapplicable by their terms. See supra, at 1145 & n. 2.
Ill
At bottom, the majority elides jurisdictional restrictions in order to give effect to the equitable maxim “for every right, a remedy.” It reasons that unless we have jurisdiction to review the district court’s order, Corrinet will have no recourse for protecting the membership he has enjoyed for the better part of a decade. Of course, under the terms of the local rules, which required membership in the Oregon State Bar, Corrinet was never entitled to this “right.” Cf. In re Martin, 120 F.3d 256, 259 (Fed.Cir.1997) (order) (holding that an attorney admitted to the Tax Court bar on the basis of an erroneous state bar admission did not have a due process right to “formal suspension or disbarment proceedings with notice and a hearing,” because without a state bar membership, he was not “an attorney facing suspension or disbarment”). More important, no matter how sympathetic the appellant, we cannot manufacture jurisdiction by relabeling the district court’s application of a generally applicable rule as a disbarment, or sua sponte construing Corrinet’s typical appeal as an extraordinary writ. Because the district court’s revocation of Corrinet’s right to practice was an eligibility determination that is neither a final order appeal-able under 28 U.S.C. § 1291 nor an interlocutory order appealable under 28 U.S.C. § 1292, we lack jurisdiction. Therefore, I respectfully dissent.

. See The State Bar of California, Summary of Requirements for Admission to Practice Law in California (Nov. 4, 2010), available at http:// www.calbarxap.com/applicatlons/calbar/ California_Bar_Registration/ (last visited July 5, 2011) ("There is no requirement of citizenship or residency, and there is no reciprocity with other states.”).

. Local Rule 83-6 states, in pertinent part:
(a) Duty of Counsel to Notify Court Every attorney admitted to general or special practice before this Court has an affirmative duty to notify the Chief Judge and the assigned judge in writing within fourteen (14) days after they have:
(1) Been suspended or disbarred from practice by any court.
(2) Been convicted of a felony in either a state or federal court.
(3) Resigned from the bar of any court while an investigation was pending into allegations of misconduct which would warrant suspension or disbarment.
*1150 14) Been notified of a change in their admissions status in any other jurisdiction which would affect their eligibility for general or special admission to the bar of this Court.
(b) Order to Show Cause (1) Upon receipt of a notice pursuant to LR 83-6(a), or upon notice or information that an LR 83-6 violation may have occurred, the Court may direct the Clerk to issue an order to show cause why disciplinary action including suspension, disbarment, or other appropriate disciplinary action) should not be taken against the attorney.
As explained in Local Rule 83-6(b), a district court may issue an order to show cause for taking disciplinary action only if a violation enumerated in LR 83-6(a) has occurred; on its face, the list of violations in LR 83 — 6(a) is exclusive.