**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re: MARK STEVEN CORRINET,

MARK STEVEN CORRINET,
                    *Appellant.*

No. 10-35568

D.C. No.
CV 09-498

OPINION

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted
May 3, 2011—Portland, Oregon

Filed July 19, 2011

Before: Alex Kozinski, Chief Judge, A. Wallace Tashima
and Sandra S. Ikuta, Circuit Judges.

Opinion by Judge A. Wallace Tashima;
Dissent by Judge Ikuta

9857

## COUNSEL

Mark S. Corrinet, Waldport, Oregon, appearing pro se.

# OPINION

TASHIMA, Circuit Judge:

We are called upon to review the revocation of an attorney's membership in the District of Oregon bar on the ground that he is not a member of the Oregon State Bar.

## I

Mark Corrinet is an attorney and a member of The State Bar of California. He moved to Oregon about ten years ago and sought to take the Oregon bar examination, but he was not permitted to sit for the exam at that time.[1] Nonetheless, in 2002, Corrinet was admitted to practice before the United States District Court for the District of Oregon, notwithstanding a local rule limiting admission to attorneys "who are active members in good standing with the Oregon State Bar." D. Or. LR 83-2. Corrinet represents that the then-chief judge of the District "waived" Local Rule 83-2.

Corrinet does not appear to have practiced regularly in Oregon federal court, but he represents that he remained in good standing. Two years ago, he appeared as counsel for the plaintiff in a civil action filed in that district. Several months after the complaint was filed, the district judge assigned to the case issued a scheduling order for a show cause hearing. The order, however, gave no indication of the reason for or the subject matter of the hearing.

---

[1]Although the reason for this is unclear, it may have been due to Corrinet having attended a law school not accredited by the American Bar Association. *See* Supreme Court of the State of Oregon Rules for Admission of Attorneys 3.05(1) (2010). But Corrinet may now be eligible to sit for the Oregon bar examination. *See id.* 3.05(2) (providing that a graduate of a law school in the United States who has been admitted to practice in another state may, subject to certain conditions, sit for the Oregon examination if he "[h]as been actively, substantially and continuously engaged in the practice of law for at least three of the five years immediately preceding the taking of the examination").

At the hearing, Corrinet learned that he was personally the subject of the hearing and that he was being asked to show cause. Specifically, the district judge asked Corrinet "to explain why he should be allowed to continue as the only member of the District of Oregon's bar without an active license from the Oregon State Bar." The district judge "temporarily allowed [Corrinet] to continue to appear [in the] case, while seeking admission to the Oregon State Bar," with instructions that he "inform the court as to the progress of admission to the Oregon State Bar." Five months later, the district judge ordered Corrinet "to submit a letter informing the Court of the status of his admission to the Oregon State Bar, including the steps that were taken to seek admission."

Corrinet did not get admitted to the Oregon state bar. The district judge "having learned that [Corrinet's] application to the Oregon State Bar was unsuccessful," issued an order "revok[ing] Mark S. Corrinet's membership to the Federal Bar for the District of Oregon pursuant to [Local Rule] 83-2."

Corrinet timely appealed this order.

## II

As we must, we first consider whether we have jurisdiction to hear Corrinet's appeal. We lack jurisdiction to review an order denying a petition for admission to practice before a district court. *In re Wasserman*, 240 F.2d 213, 216 (9th Cir. 1956) (holding that a "routine order[ ] of denial or granting of admission of attorneys where the District Court followed its own rules and did not violate any right of applicant . . . . is not a final determination within the meaning of [28 U.S.C. § 1291] which gives this Court jurisdiction"). However, where a district court suspends or disbars a previously-admitted attorney, we do have jurisdiction. *See In re North*, 383 F.3d 871, 874 (9th Cir. 2004); *see also In re Snyder*, 472 U.S. 634, 644 (1985).

The leading case applying *Wasserman* is *Gallo v. U.S. Dist. Ct. for the Dist. of Ariz.*, 349 F.3d 1169 (9th Cir. 2003). There, the attorney was admitted to practice in the District of Arizona pursuant to a local rule allowing the admission of non-resident attorneys who were admitted to the bar of any United States District Court. *Id.* at 1173. The District of Arizona later amended its local rules to provide that " '[a]dmission and continuing membership in the bar of this Court is limited to attorneys who are active members in good standing of the State Bar of Arizona.' " *Id.* (quoting United States District Court for the District of Arizona Local Rule 1.5(a)(2003)). The Attorney Admissions Clerk sent Gallo a letter telling him he was no longer admitted to practice in the District of Arizona. *Id.* at 1173-74. Gallo filed an *ex parte* application with the district court, seeking a waiver of the new requirement. *Id.* at 1174. The district court denied the application, and Gallo appealed. *Id.*

We lacked jurisdiction over Gallo's appeal because "the order issued by the District Court denying Gallo's request for a waiver from the Local Rules in effect at the time he submitted filings on behalf of his clients" was a "denial of a petition for admission to a district court bar[, which] is n[ot] a final order appealable under 28 U.S.C. § 1291. . . nor an interlocutory order appealable under 28 U.S.C. § 1292." *Id.* at 1176. We explained that the denial of Gallo's application for re-admission was not a disbarment, but "a petition to the District Court for a waiver of Rule 1.5 or, alternatively, permission to proceed *pro hac vice*." *Id.* Thus, it "constituted a request to practice before the court despite the existing laws proscribing such appearances." *Id.*

A year after *Gallo*, we decided *In Re North*. There, the attorney was suspended from the District of Arizona bar after the Arizona State Bar summarily suspended him for failure to pay dues and imposed a subsequent six month disciplinary suspension. *See North*, 383 F.3d at 873. The Arizona District Court explained that under its Local Rule 1.5(a), "continuing

membership . . . is limited to attorneys who are active members in good standing of the State Bar of Arizona." *Id.* at 874. Because active membership in the State Bar was required by the local rules, the issue was "not one of reciprocal discipline but of qualification for continuing membership in the bar of this Court." *Id.*

We had jurisdiction to review the district court's order, even though the court had based the order on a local rule regulating admission and continuing membership in the bar. *Id.* The order "was clearly an order of suspension and not a denial of admission." *Id.* The district court had considered North's motion challenging his suspension from the district court bar, not a petition for admission. *Id.* And, unlike Gallo, North had not formally re-applied for admission to the District of Arizona bar. *Id.* Moreover, "the district court itself believed it was considering an attorney suspension order." *Id.* at 874-75.

**[1]** From *Gallo* and *North*, we discern that although we lack jurisdiction to review routine orders denying admission to a district court, the citation of a local rule governing admission does not shield what is essentially a disbarment from appellate review. We apply these principles in our case.

**[2]** First, although the district judge concluded that Corrinet did not meet a criterion of admission to the bar, it is undisputed that Corrinet was a member of the District of Oregon bar and had been for almost a decade. The district judge recognized this by styling the order at issue here as an "order *revoking* federal bar membership." *See North*, 383 F.3d at 874-75 (finding jurisdiction where the attorney sought "review of [an] order of suspension, not a denial of admission"). Unlike Gallo, Corrinet does not seek review of the district court's denial of an application for a waiver of the local rules governing attorney admission. *See id.* at 875 & n.3. He in fact claims that he *received* such a waiver already. As in *North*, Corrinet seeks review of an order barring him from practicing

before the district court. Corrinet did not knock on the courthouse door seeking entry; he was already inside when he was shown the door.

**[3]** Second, unlike *Gallo*, there has been no intervening, generally-applicable change in the local rules rendering Corrinet ineligible for continued membership. Rather, the district judge unilaterally revoked his admission. From the limited record before us, it is impossible to know whether Corrinet's initial admission was the result of a knowing waiver by the district court or a clerical error. In either case, it is uncontested that he was admitted notwithstanding his failure to meet the Oregon State bar membership requirement, and that his federal bar membership was revoked years later, in the absence of a change in the rules. Corrinet's case is very different from the routine "matter[s] . . . of court administration" in *Wasserman* and *Gallo*. *Wasserman*, 240 F.2d at 216.

**[4]** We conclude that the district judge's order is more like a disbarment order than a denial of admission. The order of revocation constitutes a final decision subject to appellate review pursuant to 28 U.S.C. § 1291. *North*, 383 F.3d at 875. We review the order for abuse of discretion. *See In re Kramer*, 282 F.3d 721, 728 (9th Cir. 2002); *In re Patterson*, 176 F.2d 966, 968 n.1 (9th Cir. 1949) ("The scope of appellate review in disbarment proceedings is limited to the inquiry whether there was an abuse of discretion, or grave irregularity.") (citing *Ex parte Burr*, 22 U.S. 529 (1824))[2].

---

[2]Even if we lack jurisdiction under § 1291, we would construe Corrinet's appeal as a petition for writ of mandamus. *See Gallo*, 349 F.3d at 1177. Corrinet clearly satisfies three of the factors for granting a writ: (1) he has no other adequate means to obtain relief; (2) he will be damaged in a way that cannot be corrected on appeal; and (3) the district judge's order raises the new and important problem of whether a single judge may revoke an attorney's bar membership. *See id.*; *see also Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654-55 (9th Cir. 1977). If Corrinet is right, then he satisfies the two remaining factors: (4) disregard of the federal rules; and (5) clear error on the district court's part. *See Gallo*, 349 F.3d at 1177.

## III

**[5]** Corrinet challenges the revocation of his federal bar membership on the ground that he was denied due process. It is well established that an attorney subject to disbarment is entitled to due process, including notice and an opportunity to be heard. *E.g.*, *Theard v. United States*, 354 U.S. 278, 282 (1957) ("Disbarment being the very serious business that it is, ample opportunity must be afforded to show cause why an accused practitioner should not be disbarred."); *In re Kramer*, 193 F.3d 1131, 1132 (9th Cir. 1999) (explaining that the district courts' "inherent authority to suspend or disbar lawyers . . . . must be exercised within the parameters of due process" (citations omitted)); *In re L. A. Cnty. Pioneer Soc'y*, 217 F.2d 190, 193-94 (9th Cir. 1954) (collecting cases). The attorney "must in advance be informed of the purpose of the proceeding and of the grounds therefor, and be afforded a fair opportunity . . . to produce evidence in refutation or rebuttal." *Id.* at 193.

**[6]** The district judge abused his discretion by committing multiple errors in revoking Corrinet's bar admission.[3] First, the judge failed to issue a proper order to show cause; therefore, Corrinet was not on notice of the purpose of the show cause hearing.[4] *See Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1199 (9th Cir. 1999) (reversing an attorney discipline order where the district court failed to issue an order to show cause notifying the attorney of possible discipline). The docket entry setting the hearing does not indicate which party was required to show cause or for what reason cause needed to be shown. This notice was deficient.

---

[3]These errors in fact rise to the level of clear error and disregard of the federal rules, so our ruling would be no different were we to construe Corrinet's appeal as petition for mandamus. *See Gallo*, 349 F.3d at 1177.

[4]It appears that, after receiving notice of the hearing, Corrinet actively made inquiries regarding the purpose of the hearing; however, he received no written notice or reasons from the district court.

Second, the district judge failed to adhere to the District of Oregon's rules regarding the discipline of attorneys. District judges must adhere to their court's local rules, which have the force of federal law. *See Hollingsworth v. Perry*, 130 S.Ct. 705, 710 (2010) (per curiam); *Prof'l Programs Grp. v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) (explaining that "a departure from local rules that affects 'substantial rights' requires reversal" and "is justified only if the effect is so slight and unimportant that the sensible treatment is to overlook [it]" (internal quotation marks omitted)). "Courts enforce the requirement of procedural regularity on others, and must follow those requirements themselves." *Hollingsworth*, 130 S. Ct. at 706. For example, *in Weissman*, we overturned an attorney discipline order where "[t]he district court did not observe its own rules — no order to show cause was issued, no hearing was held, and the discipline imposed was imposed by the complaining judge." 179 F.3d at 1199.

**[7]** Here, the district judge did not adhere to the District of Oregon's local rules on attorney disbarment. Before an attorney may be suspended or disbarred,[5] the district court must "issue an order to show cause why disciplinary action including suspension, disbarment, or other appropriate disciplinary action should not be taken." D. Or. LR 83-6(b)(1). The attorney is then entitled to file a response within twenty-one days "showing good cause why he or she should not be subject to

---

[5]We recognize that this case does not fall within the District of Oregon's enumerated list of reasons why an attorney may be disbarred. *See* D. Or. LR 83-6 (providing that an attorney may be suspended or disbarred from practice in the District Court of Oregon if: (1) he is suspended or disbarred from practice by another court; (2) he is convicted of a felony; (3) he resigns from the bar of any court while a misconduct investigation is pending; or (4) a change in admissions status in another court eliminates his eligibility for admission to the bar of the District of Oregon). Local Rule 83-6 nevertheless applies to Corrinet's case because these enumerated grounds are illustrative, not exclusive. Because the proceedings here were indubitably disciplinary, they fell within the ambit of the District of Oregon's disciplinary rule.

disciplinary action." *Id.* 83-6(b)(2). The attorney may request a hearing, and "the Chief Judge may appoint a judge or special master to preside over the hearing." *Id.* 83-6(b)(3)-(4). Contrary to the requirement of the local rules, Corrinet received no notice from the district court. The hearing was held only twelve days after the scheduling order was entered, when Corrinet should have had twenty-one days to muster his response. *Id.* 83-6(b)(2). Consequently, Corrinet was denied an opportunity to provide a written response and gather the evidence necessary to present his case.

Further, we read the District of Oregon's local rules to preclude the complaining judge from disbarring an attorney. The rules provide for the Clerk of Court to issue an order to show cause. *See* D. Or. LR 83-6(b)(1). Should the attorney request a hearing, the chief judge must decide whether to grant one and appoint a judge or a special master to preside. *See* D. Or. LR 83-6(b)(3). Nowhere do the local rules permit the single complaining judge unilaterally to preclude an attorney from appearing before the other judges in the district. *Cf. Molski v. Evergreen Dynasty Corp.*, 521 F.3d 1215, 1222 (9th Cir. 2008) (Kozinski, C.J., dissental).

**[8]** Third, the hearing itself did not provide Corrinet with an adequate opportunity to present his case. It appears from the docket entries and the order of revocation that the district judge informed Corrinet at the hearing that his federal admission would not be revoked if he gained membership in the Oregon State Bar. This is not a satisfactory resolution. If, as Corrinet insists, he could have established a defense of waiver or estoppel, he should have had the opportunity to do so and thereby avoid the more onerous option of taking another bar examination and resolving any disputes with bar officials. Instead, apparently put on the spot and unprepared, Corrinet could only agree to pursue admission to the Oregon State Bar. *See Spevack v. Klein*, 385 U.S. 511, 516 (1967) (stating that "[t]he threat of disbarment and the loss of professional stand-

ing, professional reputation, and of livelihood are powerful forms of compulsion").

**[9]** Fourth, the district judge did not give Corrinet an adequate opportunity to comply with the order to gain membership in the Oregon State Bar. For various reasons (including an unresolved dispute with the state bar), Corrinet was unable to obtain state bar membership in the time allowed to him. Given an adequate opportunity, Corrinet may yet be able to gain admission to the Oregon State Bar.

**[10]** Because the district judge failed to follow the District of Oregon's local rules and did not afford Corrinet due process, we reverse and remand to the district court for further proceedings. We do not reach Corrinet's arguments that: (1) the state bar membership requirement was waived by the then-chief judge, so the revocation order was mistaken; and (2) the District of Oregon acquiesced to his membership without admission to the state bar for almost a decade and should now be estopped from asserting that he is ineligible for membership. Because Corrinet did not have the opportunity to present these arguments or to marshal evidence in their support, we remand so that the district court may consider these contentions in the first instance.

## IV

For the reasons stated herein, we reverse the order of revocation and remand for further proceedings consistent with this opinion.

**REVERSED and REMANDED.**

---

IKUTA, Circuit Judge, dissenting:

While the facts of this case evoke sympathy, they do not give us jurisdiction. The district court applied its generally

applicable local rules in determining that Corrinet was ineligible for membership in the district court bar. *See* Local Rule 83-2 (Admission to General Practice), Local Rules for the District of Oregon, Local Rules of Civil Procedure. Because we lack jurisdiction to review a district court's admission decisions, *see Gallo v. U.S. Dist. Court*, 349 F.3d 1169, 1176 (9th Cir. 2003), but do have jurisdiction to review disbarments, *see In re North*, 383 F.3d 871, 874 (9th Cir. 2004), the majority claims that this determination of ineligibility is really a "disbarment." Maj. op. at 9862. But it is clear that the district court's determination lacked the hallmarks of a disbarment: it was neither ethical nor disciplinary in nature. Accordingly, I dissent.

## I

Mark Corrinet is an attorney licensed to practice in California. He is not a member of the Oregon State Bar. When he moved to Oregon ten years ago, he tried to but could not sit for the bar examination. Oregon has stringent requirements regarding who can sit for the bar. For example, it does not allow graduates of non-ABA-accredited law schools to sit for the bar exam without at least three years of practice experience. *See* Or. R. for Admission of Attorneys 3.05. And it does not waive the bar exam requirement for attorneys licensed in California. *See* Or. R. for Admission of Attys 15.05(2) (requiring applicants for reciprocal admission to be members of a state that admits Oregon attorneys without requiring bar passage, which California does not[1]).

Like many district courts, the United States District Court for the District of Oregon limits admission to practice and

---

[1]*See* The State Bar of California, *Summary of Requirements for Admission to Practice Law in California* (Nov. 4, 2010), available at http://www.calbarxap.com/applications/calbar/California_Bar_ Registration/ (last visited July 5, 2011) ("There is no requirement of citizenship or residency, and there is no reciprocity with other states.").

membership in the district court bar to "attorneys of good
moral character who are active members in good standing
with the Oregon State Bar." LR 83-2. Thus, Corrinet was, and
is, ineligible to practice before the federal district court in
Oregon.

Despite his facial ineligibility, Corrinet was admitted to
practice before the District Court for the District of Oregon in
2002 by virtue, Corrinet claims, of the then-Chief Judge's
"waiver" of Rule 83-2. Corrinet's practice in Oregon required
very few appearances in federal court, and thus his eligibility
to practice before the district court went unquestioned for
many years. In 2009, however, Corrinet filed a complaint in
district court and applied to use the court's electronic filing
system. In the course of routine processing of this request, the
Clerk's Office discovered that Corrinet was not an active
member of the Oregon State Bar. The district court scheduled
a show cause hearing to allow Corrinet "to explain why he
should be allowed to continue as the only member of the Dis-
trict of Oregon's bar without an active license from the Ore-
gon State Bar." At that hearing, Corrinet agreed to apply to
the Oregon State Bar, and was allowed to continue represent-
ing his client while he sought admission. Five months later,
after Corrinet failed to gain admission to the Oregon State
Bar, the court issued an order "revok[ing] Mark S. Corrinet's
membership to the Federal Bar for the District of Oregon pur-
suant to [Local Rule] 83-2."

II

As a general rule, federal courts lack subject matter juris-
diction over denials of admission to federal district court bars.
*See Gallo*, 349 F.3d at 1176; *In re Wasserman*, 240 F.2d 213,
214 & n.1 (9th Cir. 1956). In *Gallo*, we reasoned that the
denial of a petition for admission to a district court bar is nei-
ther a final order appealable under 28 U.S.C. § 1291 nor an
interlocutory order appealable under § 1292. 349 F.3d at
1176. Even if an attorney has been a practicing member of a

district court bar, the court has authority to change the eligibility requirements, thereby denying an attorney continued membership. Such a determination is not appealable. *See id.*

There is a different rule for disbarment actions. *See North*, 383 F.3d at 874. We have long "asserted jurisdiction to review orders suspending or disbarring attorneys from practicing before the bars of federal district courts within our circuit." *Id.*; *see In re Patterson*, 176 F.2d 966, 967 n.1 (1949). Likewise, the Supreme Court has concluded that a district court's decision to suspend an attorney from practicing before the district court (due, in that case, to the attorney's refusal to apologize for a letter deemed to be disrespectful to the court) "would be subject to review by the Court of Appeals." *In re Snyder*, 472 U.S. 634, 643 n.4 (1985). For unlike a denial of admission, an "order of suspension" is "a final decision of the district court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *North*, 383 F.3d at 875 (quoting *Lovell v. Chandler*, 303 F.3d 1039, 1047 (9th Cir. 2002)).

In *Gallo*, we addressed the question before us here: whether we had jurisdiction to review a district court's revocation of the bar membership of a previously admitted attorney who did not meet the then-current eligibility requirements for admission. In that case, Gallo, an out-of-state attorney, had been admitted to the Arizona district court bar under the then-applicable local rules. Four years later, the district court amended its rules to limit membership in the bar to active members of the state bar. 349 F.3d at 1173. After the court notified Gallo that he could not practice before the district court, he appealed. *Id.* Responding to the district court's position that we lacked jurisdiction to review the order at issue, Gallo argued that because "he had already obtained admission to practice before the District Court" and then was deprived of that right, he was not seeking review of an admissibility determination but rather was "seeking redress for an improper disbarment." *Id.* at 1175. We rejected this argument because

the revocation of Gallo's right to practice did not involve any ethical violation: he was "guilty of no misconduct and the District Court's finding that he could not appear generally before it was not the result of any disciplinary action." *Id.* at 1183. Thus, we concluded that the district court's order prohibiting Gallo from further practice before the district court was an unreviewable "denial of a petition for admission to a district court bar." *Id.* at 1176.

*Gallo* is directly applicable here. The Oregon district court "revoke[d]" Corrinet's admission to practice solely due to its determination that he was not eligible under its generally applicable local rules. The district court did not consider or make any ruling regarding an ethical violation or misconduct on Corrinet's part. Moreover, the district court's local rules governing suspension or disbarment of attorneys are inapplicable by their terms. Local Rule 83-6 provides that an attorney may be suspended or disbarred from practice in the District Court of Oregon if: (1) he is suspended or disbarred from practice by another court; (2) he is convicted of a felony; (3) he resigns from the bar of any court while a misconduct investigation is pending; or (4) a change in admissions status in another court eliminates his eligibility for admission to the bar of the District of Oregon. As the majority concedes, none of these criteria is applicable here. Maj. op. at 9866 & n.5. Although the majority argues that "Local Rule 83-6 nevertheless applies to Corrinet's case because these enumerated grounds are illustrative, not exclusive," Maj. op. at 9866 n.5, it cites no authority for this assertion, and the plain language of the rule makes clear that disbarment proceedings may commence based only on the four grounds listed in rule 83-6(a).[2]

---

[2]Local Rule 83-6 states, in pertinent part:

(a) Duty of Counsel to Notify Court

Every attorney admitted to general or special practice before this Court has an affirmative duty to notify the Chief Judge and the assigned judge in writing within fourteen (14) days after they have:

The majority asserts that *Gallo* is different because it involved a generally applicable rule change, whereas the district judge here "unilaterally revoked" Corrinet's admission. Maj. op. at 9864. But Corrinet's admission was no more "revoked" than was Gallo's. Both were individually informed that their ability to practice before the district court had been withdrawn, and neither was "knock[ing] on the courthouse door seeking entry" (to borrow the majority's formulation), but were "already inside when [they were] shown the door." Maj. op. at 9864. *See Gallo*, 349 F.3d at 1173-74 (noting Gallo's receipt of a letter indicating that he was "no longer admitted to appear generally before the District Court," even though he had previously been admitted based on another district court order). Thus, if Gallo was not disbarred, neither was Corrinet. *See id.* at 1176-77 (construing the district court's decision to "enforce the amended version of the Local Rules" as a "denial of Gallo's application for a waiver" rather

---

(1) Been suspended or disbarred from practice by any court.

(2) Been convicted of a felony in either a state or federal court.

(3) Resigned from the bar of any court while an investigation was pending into allegations of misconduct which would warrant suspension or disbarment.

(4) Been notified of a change in their admissions status in any other jurisdiction which would affect their eligibility for general or special admission to the bar of this Court.

(b) Order to Show Cause

(1) Upon receipt of a notice pursuant to LR 83-6(a), or upon notice or information that an LR 83-6 violation may have occurred, the Court may direct the Clerk to issue an order to show cause why disciplinary action including suspension, disbarment, or other appropriate disciplinary action) should not be taken against the attorney.

As explained in Local Rule 83-6(b), a district court may issue an order to show cause for taking disciplinary action only if a violation enumerated in LR 83-6(a) has occurred; on its face, the list of violations in LR83-6(a) is exclusive.

than a "disbarment," which "generally involve[s] an ethical violation sufficient to prevent an attorney from appearing in any capacity before the District Court").

In a footnote, the majority suggests that we have mandamus jurisdiction to hear this case under 28 U.S.C. § 1651(a). Maj. op. at 9864 n.2. This argument is particularly troubling, given that Corrinet himself neither brought a petition for writ of mandamus nor even asked us to treat his notice of appeal as such a petition. Indeed, the majority's eagerness to claim authority to hear this case is a good example of what we worried about in *Bauman*: namely, that appellate courts might succumb to the "temptation" to grant mandamus relief out of sympathy for the petitioner, which both subverts "the policies underlying the finality rule [and] the carefully limited congressional scheme governing interlocutory appeals," and undermines the "mutual respect" between federal trial and appellate courts. *Bauman v. U.S. Dist. Court*, 557 F.2d 650, 653-54 (9th Cir. 1977) (internal citation omitted).

This subversion of our rules is clear in the majority's conclusion that Corrinet satisfies the test for granting a petition for mandamus because there would be "clear error on the district court's part"—but only "[i]f Corrinet is right." Maj. op. at 9864 n.2. It is well established that while "[a] petitioner need not establish all five factors" of the test for granting a petition for the writ, the petitioner "must establish the third, that the district court's order is clearly erroneous," *before* we can grant the writ. *Islamic Shura Council of Southern California v. FBI*, 635 F.3d 1160, 1165 (9th Cir. 2011) (internal quotations and citations omitted); *see also Perry v. Schwarzenegger*, 591 F.3d 1147, 1156 (9th Cir. 2010) ("[T]he absence of the third factor, clear error, is dispositive." (internal quotation marks omitted)). In light of our on-point decision in *Gallo*, the majority's conclusion that the district court's order was "clearly erroneous as a matter of law" is untenable. *See, e.g.*, *Bauman*, 557 F.2d at 660 ("In light of this absence of Supreme Court and Ninth Circuit decisions

and a split of authority in other jurisdictions, we simply cannot conclude that the district court's order is clearly erroneous as a matter of law as that term is used in mandamus analysis."). Nor can the district court be faulted for failing to follow the procedures set forth in Local Rule 83-6, which are inapplicable by their terms. *See supra*, at 9872 & n.1.

### III

At bottom, the majority elides jurisdictional restrictions in order to give effect to the equitable maxim "for every right, a remedy." It reasons that unless we have jurisdiction to review the district court's order, Corrinet will have no recourse for protecting the membership he has enjoyed for the better part of a decade. Of course, under the terms of the local rules, which required membership in the Oregon State Bar, Corrinet was never entitled to this "right." *Cf. In re Martin*, 120 F.3d 256, 259 (Fed. Cir. 1997) (order) (holding that an attorney admitted to the Tax Court bar on the basis of an erroneous state bar admission did not have a due process right to "formal suspension or disbarment proceedings with notice and a hearing," because without a state bar membership, he was not "an attorney facing suspension or disbarment"). More important, no matter how sympathetic the appellant, we cannot manufacture jurisdiction by relabeling the district court's application of a generally applicable rule as a disbarment, or sua sponte construing Corrinet's typical appeal as an extraordinary writ. Because the district court's revocation of Corrinet's right to practice was an eligibility determination that is neither a final order appealable under 28 U.S.C. § 1291 nor an interlocutory order appealable under 28 U.S.C. § 1292, we lack jurisdiction. Therefore, I respectfully dissent.Å