**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 25 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: PHILIP EDWARD KAY, attorney disciplinary matter,

Philip Edward Kay,

Appellant.

No. 11-55044

D.C. No. 2:10-mc-00334-ABC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, Chief Judge, Presiding

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Philip Edward Kay, an attorney, appeals pro se from the district court's order imposing reciprocal discipline on him in light of Kay's suspension from the practice of law by the California Supreme Court. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, *In re Corrinet*, 645 F.3d 1141, 1145 (9th Cir. 2011), and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court did not abuse its discretion in imposing reciprocal discipline against Kay because he failed to establish by clear and convincing evidence that he was deprived of due process during the state proceedings; that there was insufficient proof of the misconduct that resulted in his suspension from the state bar; or that grave injustice would result from the imposition of reciprocal discipline. *See In re Kramer*, 282 F.3d 721, 724-25 (9th Cir. 2002) (listing limited grounds for an attorney subject to discipline by another court to avoid a federal court's imposition of reciprocal discipline, and setting forth attorney's burden); *see also In re Rosenthal*, 854 F.2d 1187, 1188 (9th Cir. 1988) (per curiam) (state court factual findings are entitled to a presumption of correctness).

Kay's contention that the district court violated his due process rights when imposing reciprocal discipline is unpersuasive because the district court proceedings met due process requirements. *See In re Kramer*, 193 F.3d 1131, 1133 (9th Cir. 1999) (due process provided when district court issues an order to show cause to the respondent attorney and reviews the state record).

Kay's motions for judicial notice and for permission to file a supplemental brief are denied.

**AFFIRMED.**

11-55044