**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: GREGORY MELVIN HAYNES, | No. 14-15484 |
| GREGORY MELVIN HAYNES, | D.C. No. 5:10-cv-04642-DLJ-RMW |
| Petitioner - Appellant, | |
| v. | MEMORANDUM[*] |
| STANDING COMMITTEE ON PROFESSIONAL CONDUCT, for the United States District Court for the Northern District of California, | |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted April 14, 2016
San Francisco, California

Before: THOMAS, Chief Judge and REINHARDT and CHRISTEN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Gregory Melvin Haynes appeals an order from a three-judge panel of the district court affirming the district court's order disbarring him from the practice of law before the United States District Court for the Northern District of California. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

First, the local rules in effect at the time of the disciplinary proceeding authorized the district court to disbar Haynes. The rules authorized: a judge to refer attorney misconduct complaints to the Standing Committee on Professional Conduct, N.D. Cal. Civil L.R. 11-6(a)(4) (2010); the Standing Committee to investigate charges that "any member of the bar of [the] Court . . . has engaged in unprofessional conduct in connection with an action in [the] district," N.D. Cal. Civil L.R. 11-7(c) (2010); the Standing Committee to "institute a disciplinary proceeding by filing with the Clerk a sealed petition" if "a majority of the members determine that public reprimand, suspension, *disbarment*, or other formal discipline is warranted," N.D. Cal. Civil L.R. 11-7(c)(3) (2010) (emphasis added); and the judge assigned the case to impose discipline after issuing an "order to show

2

cause . . . why [the respondent attorney] should not be disciplined as prayed for in the petition," N.D. Cal. Civil L.R. 11-7(c)(4) (2010).[1]

Second, the district court did not abuse its discretion by choosing to disbar Haynes. *See In re Corrinet*, 645 F.3d 1141, 1145 (9th Cir. 2011). It is undisputed that Haynes repeatedly directed profane and abusive language toward opposing attorneys, filed a declaration regarding his behavior that was contradicted by his own testimony, regularly missed deadlines, and, most significantly, caused client matters to be dismissed in the district court due to discovery violations and on appeal for failure to prosecute. Haynes fails to acknowledge his actions or accept any measure of responsibility. Accordingly, the district court did not abuse its discretion by concluding that "suspension from practice and time to reflect on his professional failings would not serve to protect the public, the court, and other attorneys who practice [in the Northern District] from the deleterious effects of Mr. Haynes' lack of professional responsibility," and that disbarment was therefore appropriate. *See Ex parte Wall*, 107 U.S. 265, 288 (1883) (noting disbarment serves not as punishment but to protect the public and the courts).

---

[1] The version of the local rules that came into effect midway through the disciplinary proceeding authorized the same procedure and discipline. *See* N.D. Cal. Civil L.R. 11-6(e) (2012). The district court offered Haynes the choice of local rule version, but Haynes declined to decide so the district court continued to follow the version in effect when the proceedings began.

Haynes argues that various judges before whom he appeared were biased and that his disbarment proceedings were procedurally deficient. But Haynes makes no persuasive showing of bias or that he was prejudiced by any asserted procedural deficiency.

**AFFIRMED.**