**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JAN 30 2017

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  JEFFREY A. DICKERSON, Attorney at Law Nevada State Bar No. 2690, _____ JEFFREY A. DICKERSON, Petitioner-Appellant. | No.  14-16554 D.C. No. 2:14-ms-00057-GMN MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted January 18, 2017[**]

Before:     TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Jeffrey A. Dickerson, an attorney, appeals pro se from the district court's

order imposing reciprocal discipline on him on the basis of his suspension from the

Nevada State Bar.  We have jurisdiction under 28 U.S.C. § 1291.  We review for

an abuse of discretion, *In re Corrinet*, 645 F.3d 1141, 1145 (9th Cir. 2011), and we

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court did not abuse its discretion in imposing reciprocal discipline against Dickerson because he failed to establish by clear and convincing evidence that he was deprived of due process, that there was insufficient proof of the misconduct that led to his suspension from the bar, or that grave injustice would result from the imposition of reciprocal discipline. *See In re Kramer*, 282 F.3d 721, 724-25 (9th Cir. 2002) (setting forth the limited circumstances under which an attorney subject to discipline by another court can avoid a federal court's imposition of reciprocal discipline, and setting forth attorney's burden of proof); *see also* D. Nev. L.R. IA 11-7(e)(3) (an attorney respondent "must set forth facts establishing one or more of the [elements precluding reciprocal discipline] by clear and convincing evidence" (alteration added)).

We reject as without merit Dickerson's contention that he district court violated his right to due process.

**AFFIRMED.**

14-16554