NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 20 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LENORE ALBERT, an individual, | No. 23-3322 |
| Plaintiff - Appellant, | D.C. No. 8:23-cv-00635-FWS-JDE |
| v. | MEMORANDUM* |
| ROXANNE GONZALEZ; DOES, 1 through 10, inclusive, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Fred W. Slaughter, District Judge, Presiding

| | |
|---|---|
| Ms. LENORE L. ALBERT, Attorney, | No. 24-3496 |
| Petitioner - Appellant. | D.C. No. 2:24-mc-00117-KJM |
| | MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding
Submitted August 16, 2024**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Pasadena, California

Before: BADE and FORREST, Circuit Judges, and CURIEL, District Judge.***

In *Albert v. Gonzalez*, No. 23-3322, Plaintiff-Appellant Lenore Albert, appearing pro se, appeals an order from the Central District of California dismissing her case alleging that Defendant-Appellee Roxanne Gonzalez, a clerk for the Eastern District of California, committed various constitutional violations in applying that court's attorney discipline rules. In *In re Albert*, No. 24-3496, Albert appeals an order from the Eastern District disbarring her from practicing before that court. We have jurisdiction under 28 U.S.C. § 1291, *see In re Corrinet*, 645 F.3d 1141, 1143 (9th Cir. 2011), and we affirm.

A.  ***Albert v. Gonzalez*, No. 23-3322.** Following two disciplinary proceedings, Albert was suspended from practicing law in California from February 14, 2018, to March 16, 2018, and from June 28, 2018, to February 21, 2021. *See In re Albert*, No. SBC-22-O-30348, 2024 WL 1231293, at *2 (Cal. Bar Ct. Mar. 11, 2024). During her suspension, Albert filed several court documents in the Eastern District that represented she was an attorney. *See e.g.*, *Kilgore v. Wells Fargo Home Mortg.*, No. 1:12-cv-00899, Dkts. 67–70 (E.D. Cal. Aug. 18, 2019); *Avalos v. Gonzalez*, No. 1:20-cv-01578, Dkt. 14 (E.D. Cal. Feb. 19, 2021). She

***

***    The Honorable Gonzalo P. Curiel, United States District Judge for the Southern District of California, sitting by designation.

also applied for a certificate of good standing from the Eastern District's clerk's office. Gonzalez processed this application, noticed that Albert was listed as "inactive" on the California State Bar's website, and changed Albert's standing to practice before the Eastern District from "active" to "inactive" pursuant to Eastern District Local Rules 180(c) and 184(b), which impose automatic reciprocal suspensions. In May 2021, the Eastern District reinstated Albert to "active" status after her California suspension was lifted.

Albert then sued Gonzalez in the Central District of California for (1) declaratory relief that Local Rules 180 and 184 were unconstitutional as applied to her; (2) an injunction preventing Gonalez from changing Albert's status from "active" to "inactive" without giving Albert an opportunity to be heard and an appealable order; (3) a violation of her First and Fourteenth Amendment rights under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971); and (4) a violation of California's Unfair Competition Law (UCL) for engaging in an "unlawful, unfair, or fraudulent" business act or practice.

Gonzalez moved to dismiss the complaint, and the district court granted that motion. We review de novo a district court's decision to dismiss for failure to state a claim, "viewing factual allegations in the complaint as true and construing the pleadings in the light most favorable to the nonmoving party." *Magassa v. Mayorkas*, 52 F.4th 1156, 1161 (9th Cir. 2022), *cert. denied*, 144 S. Ct. 279

(2023). We conclude that the district court did not err in dismissing Albert's complaint.

1. Albert first argues that the district court erred by applying *Younger* abstention to her claims for declaratory and injunctive relief. We do not consider this argument because we conclude that Albert's claims seeking declaratory and injunctive relief fail. For the reasons explained in Subpart B of this disposition, the Eastern District's application of its local rules to Albert did not violate her due process rights. Thus, Albert's claims for declaratory and injunctive relief based on the alleged unconstitutionality of those same local rules are foreclosed. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (recognizing dismissal for lack of subject matter jurisdiction is proper where a "claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy" (internal quotation marks and citation omitted)). We therefore affirm the district court's dismissal of Albert's claims for declaratory and injunctive relief, albeit on different grounds.

2. Albert next argues that the district court erred by dismissing her *Bivens* claim. When analyzing *Bivens* claims, we recognize that "most claims seeking to extend *Bivens* are dead on arrival," but still "apply a two-step framework, asking first whether the claim arises in a new context, and second, if

so, whether other special factors counsel hesitation against extending *Bivens*."

*Stanard v. Dy*, 88 F.4th 811, 816 (9th Cir. 2023) (internal quotation marks and citations omitted).

The parties agree that Albert's claim arises in a new *Bivens* context. Albert's argument is solely that the district court erred at step two. At step two, we do not "independently assess the costs and benefits of implying a cause of action." *Egbert v. Boule*, 596 U.S. 482, 496 (2022). Instead, we ask only "whether there is *any* rational reason (even one) to think that *Congress* is better suited to weigh the costs and benefits of allowing a damages action to proceed." *Id.* (internal quotation marks and citation omitted). While only one rational reason is needed, multiple rational reasons counsel against implying a *Bivens* action here, including that Congress is in a better position to assess the social costs of litigation that would potentially inhibit public officials from performing their duties, *see id.* at 499, and that Albert had alternative ways to challenge the decision to change her admission status from active to inactive, *see id.* at 497–98; *Mejia v. Miller*, 61 F.4th 663, 669 (9th Cir. 2023) (noting that the plaintiff had "alternative administrative remedies"), including by "written motion to the Chief Judge" of the Eastern District of California. E.D. Cal. L.R. 184(b). Thus, the district court did not err in dismissing her *Bivens* claim.

3.      Albert next challenges the district court's holding that Gonzalez had absolute quasi-judicial immunity from Albert's UCL and *Bivens* claims.  We conclude that Gonzalez, who served as the Operations Supervisor for the Fresno Division of the Eastern District of California, was performing a ministerial action integral to the judicial function when she followed the district's local rules and changed Albert's status to inactive.  *See In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002), *as amended*, (Sept. 6, 2002); E.D. Cal. L.R. 184(b).  Because the *Bivens* claim and the UCL claim alleged that Gonzalez was liable for that action, the district court properly dismissed these claims.

4.      The district court did not abuse its discretion in denying Albert leave to amend.  *See Garmon v. County of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016).  Albert contends that because she incorrectly pleaded her *Bivens* claim as a Fourteenth Amendment claim, rather than a Fifth Amendment claim, she could "fix subject matter jurisdiction."  But amendment of the *Bivens* claim would be futile because, despite Albert's inartful pleading, the district court analyzed her claims "under the Fifth, not Fourteenth, Amendment because legal conclusions in a complaint are not controlling."  We do not consider Albert's alternative theories for amending her complaint because she advances them for the first time on appeal.  *See Consumer Fin. Prot. Bureau v. Aria*, 54 F.4th 1168, 1173 (9th Cir. 2022) ("Because [the plaintiff] did not adequately raise these arguments to

preserve them below, he has forfeited them."); *One Indus., LLC v. Jim O'Neal Distrib., Inc.*, 578 F.3d 1154, 1158 (9th Cir. 2009) ("A party normally may not press an argument on appeal that it failed to raise in the district court.").

B. ***In re Albert*, No. 24-3496.** In a third disciplinary proceeding, the California State Bar Court Review Department (the Review Department) recommended that Albert be disbarred and placed her on involuntary inactive status. *See In re Albert*, 2024 WL 1231293. Albert notified the Eastern District of this suspension and, as permitted by the court's local rules, asked the district court for a show cause order "on the grounds that [she] believe[d] that a reciprocal suspension or disbarment is not warranted." Following Local Rule 184(b)[1], the Eastern District automatically suspended Albert and, after she had an opportunity to show cause, disbarred her from practicing before that court. Albert appeals both the automatic suspension and the ultimate disbarment order.

1. Albert first argues that that the district court violated due process by automatically suspending her under Rule 184(b) without conducting an

---

[1] That rule provides that if an attorney has a change in status that would make her "ineligible for membership in the Bar of this Court or ineligible to practice in this Court," then "the attorney shall forthwith be suspended from practice before this Court without any order of Court until becoming eligible to practice." E.D. Cal. L.R. 184(b). "Upon written motion to the Chief Judge, an attorney shall be afforded an opportunity to show cause why the attorney should not be suspended or disbarred from practice in this Court." *Id.*

independent examination of the state record.  "A district court's failure to conduct adequate review of a state bar disciplinary procedure is a question of law reviewed de novo."  *In re North*, 383 F.3d 871, 874 (9th Cir. 2004).  We conclude that Rule 184(b)'s automatic temporary suspension, which afforded Albert an opportunity to challenge that suspension, did not violate her due process rights.

It is the attorney's "burden to demonstrate, by clear and convincing evidence, that one of the *Selling* [*v. Radford*, 243 U.S. 46, 50–51 (1917)] elements precludes reciprocal discipline."  *In re Kramer*, 282 F.3d 721, 724 (9th Cir. 2002).  Independent examination of the record is not necessary when an attorney "concedes that the action of the [state] courts satisfies *Selling* and its progeny."  *In re Kramer*, 193 F.3d 1131, 1133 (9th Cir. 1999).  Here, Albert has not made that concession, but she also has not made *any* showing to meet her burden to demonstrate a due process violation by clear and convincing evidence.  *See In re Kramer*, 282 F.3d at 724.  At best, she has offered bare, conclusory allegations.  Accordingly, we conclude that the district court did not have to independently review the state court record because the local rules provided Albert with notice of the automatic suspension and an opportunity to challenge it.[2]  *See* E.D. Cal. L.R.

---

[2] Albert calls for improvements to "[t]he practicalities of the system of notifying the Eastern District of a state court suspension."  Even if we construe this as a claim that the current procedures violate due process, Albert does not cite any legal authority for her argument, so it fails.  *See Blumenkron v. Multnomah County*,

184(b) ("Upon written motion to the Chief Judge, an attorney shall be afforded an opportunity to show cause why the attorney should not be suspended or disbarred from practice in this Court."); *In re Corrinet*, 645 F.3d 1141, 1145 (9th Cir. 2011) (Attorneys "subject to disbarment [are] entitled to due process, including notice and an opportunity to be heard.").

We likewise reject Albert's contention that imposing discipline without a "State Court Order of Disbarment" lacked "due process" because only the California Supreme Court can issue an order of disbarment. Albert's placement on inactive status by the Review Department made her ineligible for admission to practice before the Eastern District, *see* E.D. Cal. L.R. 180(a)(1), and that change triggered the automatic suspension provision in Rule 184(b).

In short, we conclude the district court did not violate Albert's due process rights by applying the procedure set forth in Rule 184(b).

2.    Albert next argues that the district court abused its discretion by reciprocally disbarring her. We disagree.

An attorney challenging a federal court's imposition of reciprocal discipline based on a state bar's disciplinary adjudication must show, by clear and convincing

---

91 F.4th 1303, 1317 (9th Cir. 2024) (concluding the plaintiffs abandoned their claims on appeal because their argument was "vague, unsupported by any citations to case authority, and untethered to the applicable legal standards").

evidence, that the state court record revealed: "(1) a deprivation of due process; (2) insufficient proof of misconduct; or (3) grave injustice that would result from the imposition of such discipline." *In re Kramer*, 282 F.3d at 724 (citing *Selling*, 243 U.S. at 50–51) (setting forth three *Selling* elements). We review the district court's disbarment order for abuse of discretion. *In re Corrinet*, 645 F.3d at 1145.

In the California State Bar proceedings, Albert was charged with a violation of California Rule of Professional Conduct 3.4(f)—that she "knowingly disobey[ed] [her] obligation under" the Eastern District's local rules to notify the Eastern District of her suspension. *In re Albert*, 2024 WL 1231293, at *7–8. Albert was also charged with the "unauthorized practice of law in another jurisdiction" in violation of California Business and Professional Code § 6068(a) and California Rule of Professional Conduct 5.5(a)(1) by holding herself out as a licensed attorney entitled to practice law in California in two cases before the Eastern District. *Id.* at *9.

Albert first contends that the California State Bar proceedings deprived her of due process and that the district court erred by "relying on [a] State Bar recommendation which d[id] not consider" her argument that the Eastern District's "automatic suspension" was unconstitutional. This argument fails because the constitutionality of the Eastern District's automatic suspension provision in Rule 184(b) is irrelevant to the two claims the state bar adjudicated. The local rule

providing for automatic suspension does not inform whether Albert provided proper notice of her state discipline to the Eastern District or improperly held herself out as an attorney.[3]

Albert next argues that there was insufficient proof that she failed to give prompt notice to the Eastern District of her change in status. But she fails to point to evidence showing that she notified the Eastern District of her August 28, 2019, suspension before March 3, 2021. She only identifies filings that occurred *before* her August 28, 2019 suspension. Thus, the district court did not abuse its discretion when it concluded these notices failed to meet Rule 184(b)'s requirement that an attorney "promptly notify the Court of any disciplinary action . . . that would make the attorney ineligible for membership in the Bar of this Court."

Finally, Albert argues that the punishment recommended by the Review Department in the state bar's third disciplinary proceeding "was so ill-fitted" to her

---

[3] Albert also argues that the Eastern District violated due process by disbarring her when the Review Department had only *recommended* disbarment and ordered her "involuntar[ily] inactive." This claim fails because Albert does not explain how she was prejudiced by the district court's failure to wait for the final order. *See United States v. Lovasco*, 431 U.S. 783, 790 (1977) ("[P]roof of prejudice is generally a necessary . . . element of a due process claim."). Furthermore, shortly after the Eastern District ordered her disbarred, the California Supreme Court ordered Albert's disbarment. *In re Albert*, Case No. SBC-22-O-30348 (Cal. June 17, 2024), https://discipline.calbar.ca.gov/portal/Home/. Thus, any error was harmless.

"misconduct" that the Eastern District's reciprocal disbarment resulted in "grave injustice" because it was based on her suspensions imposed in her two prior disciplinary proceedings. She also contends that the district court "ignored [a] course of events" where the Ninth Circuit Bankruptcy Appellate Panel reversed dismissal of a civil claim. These arguments do not establish a "grave injustice." First, Albert ignores that this third disciplinary proceeding found her culpable on new charges. And second, Albert's pending civil claim was irrelevant to whether her punishment imposed was a "grave injustice." Because Albert's arguments are irrelevant, and because of her history of inappropriate behavior and ethical violations, we hold that the district court did not abuse its discretion in concluding that the punishment imposed did not result in grave injustice. *See In re Albert*, 2024 WL 1231293, at \*19 (recounting Albert's lengthy disciplinary history).

Albert has not demonstrated by clear and convincing evidence that reciprocal disbarment is inappropriate under any of the *Selling* elements. Therefore, the district court did not abuse its discretion by reciprocally disbarring her.[4]

**AFFIRMED.**

---

[4] We deny Albert's motions for judicial notice (No. 23-3322, Dkts. 33, 44; No. 24-3496, Dkt. 13) because the documents are "not relevant to the disposition of this appeal." *Cuellar v. Joyce*, 596 F.3d 505, 512 (9th Cir. 2010).